ELIZABETH GREENLEAF et al., Respondents, *v.* THE BROOKLYN,
FLATBUSH AND CONEY ISLAND RAILROAD COMPANY et al.,
Appellants.

In an action of ejectment a judgment in partition which is a link in the
chain of title of one of the litigants is evidence as against the other,
although a stranger to it.

Where such a judgment or a deed is so ancient that no person living can
testify to acts of ownership under it, it is admissible in evidence with-
out proof of contemporaneous possession of the land by the parties to
the judgment or deed.

Such a judgment or deed, however, is not sufficient evidence to establish
title in one who claims under it, through mesne conveyances, without
showing some subsequent or modern possession by those who received
later deeds which go to make up the claimant's chain of title.

In an action of ejectment plaintiff claimed title under a judgment rendered
in 1848 in a partition suit, by which certain meadow land bounded on the
Atlantic ocean, including the land in question, which was land on the
ocean beach, was set off to J., one of the parties, also a deed to him from
the other parties to that action. There was no evidence that the land in
question had been occupied by J. or his successors in title for any pur-
pose, or that he was ever in possession of or exercised any acts of owner-
ship over the land set off to him, except by assuming to convey it.
*Held*, that the evidence failed to establish title in plaintiff.

(Argued December 16, 1891; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 9, 1889, which affirmed a judgment in favor
of plaintiffs entered upon a decision of the court on trial at
Circuit.

This was an action of ejectment begun July 11, 1882, to
recover in fee the land hereinafter described. The defend-

ants, by their answers, deny that the plaintiffs have title, but they do not allege that they or either of them have title to the land in dispute.

The facts, so far as material, are stated in the opinion.

*William C. De Witt* for appellants. The plaintiffs having failed to show possession of the land in suit, either in themselves or their grantors, and having neglected to trace their paper title in regular course to the sovereign, the judgment was unwarranted by the evidence, and cannot be sustained in law. (Abb. Tr. Ev. 705; Tyler on Eject. 483, 485, 495, 541; *Gardner* v. *Hart*, 1 N. Y. 528; *City of Cincinnati* v. *White*, 6 Pet. 431, 441; *Clute* v. *Voris*, 31 Barb. 511, 518; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 380; *Edwards* v. *Noyes*, 65 id. 125; *Roberts* v. *Baumgarten*, 110 id. 380.) The judgment in partition introduced by the plaintiff was not sufficient to prove seizin or possession against the defendants, who were not parties or privies to that proceeding. (*DeGraff* v. *Hovey*, 16 Abb. Pr. 120; *Sheridan* v. *Andrews*, 49 N. Y. 484; *Campbell* v. *Hall*, 16 id. 579; *Ainslee* v. *Mayor*, 1 Barb. 169; *Douglas* v. *Howland*, 24 Wend. 35; *Clark* v. *Montgomery*, 23 Barb. 464; *Armstrong* v. *Munday*, 5 Den. 166; *Ten Eyck* v. *Frost*, 5 Cow. 346; *Monarque* v. *Monarque*, 80 N. Y. 326; *Beekman* v. *Witter*, 2 Johns. 180; *Tanner* v. *Niles*, 1 Barb. 560; *Sanford* v. *White*, 56 N. Y. 356; *Smith* v. *Vroman*, 13 Johns. 488; *Deming* v. *Corwin*, 11 Wend. 648; *Hamilton* v. *Morris*, 7 Paige, 161; *Jackson* v. *Newton*, 18 Johns. 355, 361, 362; *Northrop* v. *Wright*, 7 Hill, 476, 490, 495; *Averill* v. *Wilson*, 4 Barb. 180; *Bigelow* v. *Finch*, 11 id. 498; *Sparrow* v. *Kingman*, 1 N. Y. 242; *Henry* v. *Reichart*, 22 Hun, 394.) The declarations of the deceased surveyor were incompetent. (*Hunnicutt* v. *Peyton*, 102 U. S. 333.)

*Thomas E. Pearsall* for property owners similarly interested with appellants. Plaintiffs failed to establish a cause of action, and the court erred in denying the motion for a non-

suit. (*Miller* v. *L. I. R. R. Co.*, 71 N. Y. 380; *Miller* v. *Downing*, 54 id. 631; *Downing* v. *Miller*, 33 Barb. 386; *Stevens* v. *Hansen*, 39 N. Y. 302; *Shumway* v. *Leakey*, 67 Cal. 458; *Zink* v. *McManus*, 49 Hun, 583; *Thompson* v. *Burhaus*, 61 N. Y. 52; *Hasbrouck* v. *Burhaus*, 47 Hun, 487; *Roe* v. *Strong*, 107 N. Y. 350.) The admission in evidence of the commissioner's map was error. (Abbott's Trial Ev. 699.) It was error to admit the declarations of the deceased surveyor Bergen, against defendant's objection, and to deny the motion to strike out. (*Partridge* v. *Russell*, 18 N. Y. S. R. 605; *Shannon* v. *Pickell*, 2 id. 160; *McCormick* v. *Barnum*, 10 Wend. 104.) The proceedings in partition were erroneously admitted in evidence against defendant's objection. They were *res inter alios acta*. (*Chapman* v. *Frank*, 5 N. Y. Supp. 448; *Beyer* v. *Schultze*, 10 N. Y. S. R. 467; Abbott's Trial Ev. 830; *M. E. R. Co.* v. *M. R. Co.*, 14 Abb. [N. C.] 103; *Bookman* v. *Stegman*, 105 N. Y. 621.) Title to land cannot be proved or disproved merely by oral admissions. (Abb. Tr. Ev. 710.)

*Mornay Williams* and *Frederic A. Ward* for respondents. Plaintiffs in ejectment are only required in the first instance to make a *prima facie* case; they need not show an indefeasible title in themselves. (*Greenleaf* v. *B., F. & C. I. R. R. Co.*, 37 Hun, 435; *Poe* v. *Strong*, 119 N. Y. 316; *Dunham* v. *Townshend*, 118 id. 281, 288; *Mayor, etc.*, v. *Carleton*, 113 id. 284; *Stevens* v. *Hauser*, 39 id. 302; *Smith* v. *Lorillard*, 10 Johns. 338; *Jackson* v. *Harder*, 4 id. 202; *Jackson* v. *Denn*, 5 Cow. 200; *Jackson* v. *Belknap*, 12 Johns. 96; *Jackson* v. *Cole*, 4 Cow. 597; *Pope* v. *Hammer*, 74 N. Y. 240.) The documentary evidence introduced by the plaintiffs was sufficient to establish seizin and the right to the possession of the lot set out in the partition suit. (*Webb* v. *Den*, 17 How. [U. S.] 577; *Barr* v. *Gratz*, 4 Wheat. 213; *Canaan* v. *G. T. Co.*, 1 Conn. 1; *Burhans* v. *Burhans*, 2 Barb. Ch. 398; 4 Kent's Comm. 365; *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111; *Phelps* v. *Green*, 3 id. 302; *Striker* v. *Mott*, 2 Paige, 387;

*Brownell* v. *Brownell*, 19 Wend. 367; *O'Dougherty* v. *Aldrich*, 5 Den. 385; *Florence* v. *Hopkins*, 46 N. Y. 182; *Van Schuyver* v. *Mulford*, 59 id. 426; *Sullivan* v. *Sullivan*, 66 id. 37; *Ensign* v. *McKinney*, 30 Hun, 249, 253; Lawson on Pres. Ev. 31; *Rex* v. *All Saints*, 7 B. & C. 789; *Moore* v. *Titman*, 33 Ill. 358; *Hartwell* v. *Root*, 19 Johns. 345; Taylor on Ev. § 1674; *Mead* v. *Mitchell*, 17 N. Y. 210; *Clemens* v. *Clemens*, 37 id. 59; *Jope* v. *Morshead*, 6 Beav. 213; *Grignon* v. *Astor*, 2 How. [U. S.] 319; *Prior* v. *Prior*, 49 Hun, 502; *Blakely* v. *Calder*, 15 N. Y. 617; *Howell* v. *Mills*, 56 id. 226; *Jordan* v. *Van Epps*, 85 id. 427; *Jenkins* v. *Fahey*, 73 id. 355, 361; *Cromwell* v. *Hull*, 97 id. 209; *Woodhull* v. *Little*, 102 id. 165; *Reed* v. *Reed*, 107 id. 545; *Cole* v. *Hall*, 2 Hill, 625; *Brevoort* v. *Brevoort*, 70 N. Y. 136; *Hall* v. *Law*, 102 U. S. 461; *Jackson* v. *Laroway*, 3 Johns. Cas. 283; *Jackson* v. *Luquere*, 5 Cow. 221; *Hewlett* v. *Cock*, 7 Wend. 371; *Doe* v. *Pulman*, L. R. [3 Q. B.] 622.)  The declarations made to Crooke by Bergen were competent and were properly admitted. (*Nicholls* v. *Parker*, 14 East. 331; *Wood* v. *Willard*, 37 Vt. 377; *G. F. Co.* v. *Wooster*, 15 N. H. 412; *Adams* v. *Stanyan*, 24 id. 405, 417; *Gibson* v. *Poor*, 1 Foster, 444; *Wooster* v. *Bulter*, 13 Conn. 309; *Caufman* v. *C. C. Spring*, 6 Binn, 59; *Birminghan* v. *Anderson*, 40 Penn. St. 506; *Kennedy* v. *Lubold*, 88 id. 246, 255; *Howell* v. *Tilden*, 1 H. & M. 84; *Bladen* v. *Cockey*, 1 id. 230; *Redding* v. *McCubbin*, 1 id. 36; *Spear* v. *Coate*, 3 McCord, 228; *Blyth* v. *Sutherland*, Id. 258; *Beard* v. *Talbot*, Cooke, 142; *McCloud* v. *Mynatt*, 2 Coldw. 163; *Tucker* v. *Smith*, 68 Tex. 473; *People v. Driscoll*, 107 N. Y. 414; *Pontius* v. *People*, 82 id. 339.) Where the plaintiff has shown at the least, color of title, while the defendant on his own case is proved to be a trespasser, the plaintiff must recover.  (*Foot* v. *Stevens*, 17 Wend. 483; *Bloom* v. *Burdick*, 1 Hill, 130, 141.)

FOLLETT, Ch. J.   So far as the case before us shows, the earliest reference to the land in dispute is contained in the judgment-roll in partition.

In March, 1847, Ann Stilwell, her husband joining, filed a bill in the late Court of Chancery against John and Jacobus Emmons, alleging that they were seized in fee as tenants in common of the land now in dispute, and of other lands.

Jacobus Emmons answered by his guardian *ad litem* and submitted his rights to the court.

John Emmons also answered and admitted the allegations of the bill. The mother of John and Jacobus Emmons had remarried, and she and her husband were also parties defendant, who answered that the mother was entitled to dower in part of the premises. A reference was ordered to report upon the rights and interests of the parties to the action in the subject-matter thereof. December 23, 1847, an interlocutory judgment was entered in the action in partition, appointing commissioners to make actual partition of the lands. March 1, 1848, the commissioners made and filed their report partitioning the lands between the parties to the action. That which is in dispute in this action was set off to John Emmons, and is thus described: "All that certain piece or parcel of meadow land situated, lying and being in the said town of Gravesend, and known and designated on the said map as and by the number XXIII (twenty-three) on the said map, bounded and described as follows, to wit: Beginning at a certain stake standing on Duck Hill, placed at the division line between meadows of the heirs of Abraham Emmons and the said parcel number XXIII (twenty-three); running thence south five degrees east twenty-four chains along said meadow land of the heirs of Abraham Emmons to the Atlantic Ocean; running thence north seventy-nine degrees and thirty minutes east one chain and seventeen links along the said Atlantic Ocean to parcel number XXIV (twenty-four), allotted and set apart by us to Jacobus Emmons, as hereinafter mentioned; running thence north five degrees and forty-five minutes west along the division line between parcel XXIII (twenty-three) and XXIV (twenty-four) twenty-four chains to Duck Hill and to a certain stake there standing and put and placed by us; running thence south seventy-nine degrees and thirty minutes

west one chain to the point or place of beginning, containing two acres, two rods and fourteen perches."

The commissioners filed in the clerk's office a map of the lands partitioned, showing the part assigned to each, and known as No. 173. March 10, 1848, a final judgment was entered confirming the report of the commissioners, and in addition the parties conveyed to each other the lands set apart to each ; Ann Stillwell and her husband and Jacobus Emmons by his guardian assumed to convey parcel No. 23 to John Emmons by a deed dated April 6, 1848, and duly recorded in Kings county April 8, 1848. John Emmons assumed to convey lot No. 23 to Charles H. Greenleaf by a deed dated September 30, 1848, and duly. recorded February 8, 1850. Charles H. Greenleaf assumed to convey an undivided half of this lot to James S. Butler by a deed dated July 27, 1877, and recorded September 17, 1877. Afterwards Charles H. Greenleaf died, having devised his real estate to Elizabeth Greenleaf, one of the present plaintiffs. Upon the trial before the court without a jury, the plaintiff recovered the possession of the premises, as tenents in common in fee simple, with $100 damages for the wrongful withholding, which was affirmed at General Term.

The important question involved in this appeal is, whether the plaintiffs gave sufficient evidence of title to sustain a recovery in ejectment. Their evidence is solely documentary and consists of the judgment-roll in partition and the subsequent deeds already referred to. The defendants insist that the judgment was not competent evidence. It is unnecessary to consider the authorities discussing the conclusiveness of judgments, for they are so, only as between the parties and their privies, unless they are the result of proceedings *in rem*, and moreover the plaintiffs do not assert that the judgment is an estoppel in their favor and against the defendants, but their contention is that it is evidence of title and possession in the parties to it, liable like other evidence to be rebutted, but until overthrown sufficient to sustain a recovery in ejectment against defendants producing no evidence of title. A judgment *in personam*, like a deed or other muniment of title, in case it is

a link in the chain of the title of one of the litigants, is admissible in evidence as against the other, though a stranger to it. (*Barr* v. *Gratz*, 4 Wheat. 213; *Webb* v. *Den*, 17 How. [U. S.] 576; *Buckingham* v. *Hanna*, 2 Ohio St. Rep. 551; *Davies* v. *Lounds*, 1 Bing. [N. C.] 597–606; Freem. Judgt. § 416; 2 Black. Judgt. § 607; 1 Whart. Ev. §§ 200, 733, 820 *et seq.*; 1 Green. Ev. § 538; 2 Taylor Ev. [8th ed.] § 1668.) The authenticity of the judgment was established by the record and it was clearly admissible as an evidence of title, unless the defendants' position can be sustained that neither it nor the subsequent deed from Emmons to Greenleaf were admissible because it was not shown that the parties to the judgment or to the deed had possession of the lands to which these documents relate.

It is usually impossible to establish a very ancient possession of property by the testimony of persons having knowledge of the fact, and when a deed forming part of a chain of title is so ancient that there can be, in the nature of things, no living persons who can testify to acts of ownership by the grantor or grantee, it may be received in evidence without such proof. (*Jackson* v. *Laroway*, 3 Johns. Cas. 283; *Jackson ex dem.* v. *Luquere*, 5 Cow. 221; *Hewlett* v. *Cock*, 7 Wend. 371; *Ensign* v. *McKinney*, 30 Hun, 249; *Rogers* v. *Allen*, 1 Camp. 309; *Doe* v. *Pulman*, 3 Ad. & El. [N. R.] 622; *Malcomson* v. *O'Dea*, 10 H. L. Cas. 593; *Bristow* v. *Cormican*, L. R. [3 App. Cas.] 641–668; *Gardner* v. *Grannis*, 57 Geo. 539; *Whitman* v. *Heneberry*, 73 Ills. 109; 1 Green. Ev. §§ 21, 144; 1 Whart. Ev. §§ 199–733; 2 Phill. Ev. [Edw. ed.] 477; Best's Ev. § 499; 1 Taylor's Ev. [8th ed.] §§ 87, 665.)

While under this rule the judgment in partition and the subsequent deed to John Emmons were admissible in evidence without proof of contemporaneous possession of the land by the parties to the judgment and deed, yet they are not sufficient evidence of title of one who claims under them through mesne conveyances to recover in ejectment, without showing some subsequent or modern possession by the parties who have received later deeds which go to make up the plaintiff's chain of title.

In the case at bar there is no evidence that the land in dispute was part of a larger tract possessed by some of the grantees in the plaintiff's chain of title. There is no evidence that John Emmons was ever in possession, or exercised an act of ownership over the land, except when he assumed to convey it to Charles H. Greenleaf. Nor is there any evidence that Greenleaf took possession under his deed or exercised any act of ownership, except when he assumed to convey an undivided one-half to Butler.

These lands on the beach are incapable of being enclosed with fences and occupied like ordinary agricultural lands, but there is no evidence that they have been occupied for any purpose. It does not appear that grass or sand has been taken from them, or that they have been used as a means to approach the ocean for fishing or for any purpose.

We think the evidence failed to establish title in the plaintiffs, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Brown, J., not sitting.

Judgment reversed.